UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | | |
|---|---|---|
| DEMARCO WHITE, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 2:19-106-WOB |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN, SOUTHEAST CORR. INST., | ) | **OPINION & ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

DeMarco White is an inmate confined at the Southeastern Correctional Institution ("SCI") in Lancaster, Ohio. White has filed a *pro se* habeas corpus petition seeking an order from this Court requiring Kentucky authorities to instruct the warden of SCI to expunge a detainer they previously filed based upon pending Kentucky criminal charges against him. White contends that the Kentucky indictment should be dismissed and the corresponding detainer expunged because Kentucky authorities failed to comply with the Interstate Agreement on Detainers ("IAD").[1] [R. 1] This Court conducts an initial screening of White's petition as required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court will deny the petition for the reasons explained below.

---

[1] White initially filed this action in the United States District Court for the Southern District of Ohio, the federal judicial district where he was confined. That Court originally ordered White to pay the required filing fee or seek *pauper* status [R. 2], but transferred the case to this Court without affording White an opportunity to comply. [R. 3]. The Southern District construed White's petition as arising under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254 as he had labeled it, and transferred the case to this district because it "[has] jurisdiction over Campbell County, Kentucky, wherein Petitioner alleges that the underlying criminal charges supporting the detainer were filed ..." *Id*. at 2. In light of the Court's disposition of this matter, it need not delve further into the propriety of that transfer and disregards White's continued failure to pay the required five dollar filing fee.

On September 3, 2015, White was charged in Campbell County, Kentucky with importing heroin, second degree criminal abuse, and first degree bail jumping. Two weeks later he was conditionally released from custody pending disposition of the charges by posting a $2,500.00 cash bond. *Commonwealth v. White*, No. 15-CR-00732 (Campbell Cir. Ct. 2015).[2] While pretrial proceedings continued in White's Kentucky case, in January 2016 he was charged in Cincinnati, Ohio with numerous counts of possession and trafficking in heroin and cocaine, as well as possession of a concealed firearm and several other offenses. White was not arrested on those charges until December 2016, and he later pleaded guilty to one count each of possessing heroin, trafficking in heroin, and possessing a weapon while under a disability. In May 2017 the Ohio court imposed a four-year sentence. *Ohio v. White*, No. /16/CRA/1988 (Hamilton Ct. Comm. Pleas 2017).[3]

On January 3, 2019, White filed a motion in the Kentucky prosecution to dismiss the indictment, contending that the Commonwealth had failed to comply with the IAD. [R. 1-1] One week later the Commonwealth responded that "[c]learly, from the law, it is the duty of the Defendant to instigate the IAD process by sending written notice to the Commonwealth with the appropriate certificate. As of this date, no such notice or certificate have (*sic*) been received by the

---

[2]    See https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=019&court=1&division=CI&caseNumber=15-CR-00732&caseTypeCode=CR&client_id=0# (last visited on October 2, 2019).

The Court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), including proceedings in other courts of record. *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969). Such records and information on government websites are self-authenticating. *See* Fed. R. Evid. 902(5); *Qiu Yun Chen v. Holder*, 715 F.3d 207, 212 (7th Cir. 2013) ("A document posted on a government website is presumptively authentic if government sponsorship can be verified by visiting the website itself.").

[3]    See https://www.courtclerk.org/data/case_summary.php?sec=history&casenumber=%2F16%2FCRA%2F1988&submit.x=16&submit.y=20 (last visited on October 2, 2019).

Commonwealth." Contrary to White's suggestion here, the prosecution did not assert that the IAD was inapplicable on the ground that the detainer arose from a probation violation. The Campbell Circuit Court denied White's motion on January 31, 2019, and White took no appeal from that order.

The IAD is an interstate compact entered into by the participating states with the consent of Congress, *Cuyler v. Adams*, 449 U.S. 433, 438-42 (1981), which "creates uniform procedures for lodging and executing a detainer, i.e., a legal order that requires a State in which an individual is currently imprisoned to hold that individual when he has finished serving his sentence so that he may be tried by a different State for a different crime." *Alabama v. Bozeman*, 533 U.S. 146, 148 (2001). To effectuate the IAD's uniform procedures, each participating state enacts substantially-identical provisions for the processing of interstate detainers. Kentucky's enactment of the IAD provides, in pertinent part, that:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty (180) days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint: provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner.

Ky. Rev. Stat. 440.450 Art. III(1) (2015).

The Court must deny relief for several reasons. First, in light of the Commonwealth's indication that it has never received a formal request under the IAD to require prompt resolution

3

of the Kentucky charges against him, White has not carried his burden to show that he properly invoked the compact in the first instance. Second, even if White did properly invoke the IAD, the Court must deny relief because the only remedy for a violation of the IAD is dismissal of the underlying charges, relief this Court has no authority to effectuate. Cf. *Mokone v. Fento*, 710 F.2d 998, 1003 (3d Cir. 1983) ("only the courts of the indicting state can enter an order that would effectively void the criminal charge" based on a violation of the IAD). Rights under the IAD may only be asserted as a defense to the continued prosecution of charges in the underlying criminal proceeding itself, not in ancillary proceedings in a separate court challenging the detainer resulting from the charges. See *Davenport v. Kentucky*, No. 16-CV-210-GFVT (E.D. Ky. Dec. 27, 2016); *Phipps v. Kentucky States Parole Bd.*, No. 13-CV-60-GFVT, 2013 WL 5964678, at *2 (E.D. Ky. Nov. 7, 2013) ("If Phipps wants the KPB detainer quashed, he must file an action in the Kentucky state courts under the [IAD].").

Federal habeas relief under 28 U.S.C. § 2241 is not available based upon an asserted violation of the IAD unless "the error qualifies as a fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *Reed v. Farley*, 512 U.S. 339, 348 (1994). Here, while White filed a motion to dismiss the indictment, he took no appeal from the Campbell Circuit Court's denial of that motion. In consideration of the comity owed to the state courts of Kentucky, and with due consideration of the exhaustion requirements embodied in 28 U.S.C. § 2254, the Court cannot conclude that there is yet any defect to correct at all, let alone one qualifying as so fundamental it warrants preemptive federal habeas relief. Cf. *Stallings v. Franco*, 576 F. App'x 820, 822 (10th Cir. 2014) (noting that "rights created by the [IAD] are statutory, not fundamental, constitutional, or jurisdictional in nature," and therefore a federal habeas corpus action is not an available means to assert an alleged violation of the Act); *Curtis v. United States*, 123 F. App'x 179, 184–85 (6th Cir. 2005) ("alleged

4

violations of the Interstate Agreement on Detainers are not cognizable under either Section 2254, relating to state proceedings, and Section 2255, relating to federal proceeding ... the same logic applies to claims under § 2241 regarding alleged violations of the compact on detainers.").

Because the "[a]uthority to render a detainer invalid and to dismiss the underlying charges is afforded to the charging – not the sending – jurisdiction," *Howard v. Rees*, No. 6: 06-CV-136-DCR (E.D. Ky. Sept. 20, 2006), this Court lacks the authority to grant the relief White seeks, and would not do so in any event under the facts presented here. Instead, White must seek relief from the Kentucky indictment and the corresponding detainer lodged in Ohio by motion in the Campbell Circuit Court and, if unsuccessful, pursuit of available state remedies, whether by appeal or by petitioning for a writ of mandamus or prohibition.

Accordingly, the Court **ORDERS** as follows:

1. DeMarco White's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

This 8th day of October, 2019.

**Signed By:**
*William O. Bertelsman* WOB
**United States District Judge**